# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **DIANNE BRUCE,** ) | |
| ) | **Civil Action No.** |
| Plaintiff, ) | |
| ) | |
| v. ) | **Jury Trial Demanded** |
| ) | |
| **PROCOLLECT, INC.,** ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

DIANNE BRUCE ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PROCOLLECT, INC. ("Defendant"):

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the Telephone Consumer Protection Act ("TCPA,") the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq.*, and Texas Common Law.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

4. Supplemental jurisdiction to all state law claims is proper pursuant to 28 U.S.C. § 1367 *et seq.*

## III. PARTIES

5. Plaintiff is a natural person who resides in Houston, Texas.

6. Defendant is a debt collection company with its headquarters located at 12170 North Abrams Road, Ste. 100, Dallas, Texas 75243.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

8. Defendant conducts business and has its headquarters located in the State of Texas, thus personal jurisdiction is established.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

10. At all relevant times, Defendant sought to collect an alleged consumer debt from Plaintiff that she did not owe.

11. The alleged debt arose out of transactions that were for personal, family or household purposes.

12. Furthermore, as Plaintiff has no business debt, the alleged debt could only be personal in nature.

13. On January 25, 2012, Plaintiff sent correspondence to Defendant disputing the subject debt, and requesting the address of the original creditor. See Exhibit "A."

14. Rather than ceasing communications until providing the name of the original creditor, as it was bound to do, Defendant commenced an aggressive call campaign to collect the debt.

15. Between February and June 2012, Defendant's collectors placed repeated, unwanted and harassing telephone calls to Plaintiff at work and to her cellular telephone.

16. Defendant's collection calls originated from numbers including but not limited to (800) 732-3799. The undersigned has confirmed that this is a number belonging to Defendant.

17. During this time, Defendant called Plaintiff multiple times a week in its attempts to collect the alleged debt.

18. In May 2012, after Defendant placed a call to Plaintiff's work telephone, at which time the collector was told personal calls at her place of employment were not permitted. However, Defendant continued to call her work telephone.

19. Defendant's repeated calls to Plaintiff's place of employment could only have been for the purpose of harassment.

20. Frustrated by Defendant's continued calls following her January correspondence, and without first having provided the information requested in her correspondence, Plaintiff sent a second letter to Defendant on June 1, 2012 requesting validation of the alleged debt. See Exhibit "B."

21. However, even after Plaintiff sent a second letter to Defendant seeking information regarding this debt, Defendant continued to call Plaintiff without appropriately responding as was required.

22. Further, upon information and belief, Defendant's call log will reflect that calls were placed to Plaintiff's cellular phone from a computer, recording, artificial voice, pre-recorded, or computer generated voice.

3

23. Defendant's telephone calls were not placed to for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

24. Defendant took the actions described above with the intent to harass, deceive and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692c(a)(3) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692c(a)(3) of the FDCPA states that a debt collector may not communicate with a consumer in connection with the collection of a debt at the consumer's place of employment if the debt collector knows or has reason to know that such communication is prohibited.

26. Defendant violated section 1692c(a)(3) of the FDCPA when it contacted Plaintiff at her place of employment after Plaintiff told its collectors that she could not take personal calls at work.

## COUNT II
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when its collectors failed to identify themselves during collection calls to Plaintiff, when it continued to call Plaintiff after she sent letters disputing the debt, when it

called Plaintiff at work after Plaintiff told its collectors that she could not take personal calls at work, and when it engaged in other harassing, oppressive, or abusive conduct.

### COUNT III
### DEFENDANT VIOLATED § 1692d(5) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692d(5) prohibits debt collectors from causing a consumer's telephone to ring repeatedly with the intent to annoy the hearer.

30. Defendant violated § 1692d(5) when it caused Plaintiff's telephone to ring repeatedly with the intent to annoy Plaintiff.

### COUNT IV
### DEFENDANT VIOLATED § 1692f OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

31. Section 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

32. Defendant violated § 1692f when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff after she sent letters disputing the debt, when it called Plaintiff at work after Plaintiff told its collectors that she could not take personal calls at work, and when it engaged in other unfair conduct.

### COUNT V
### DEFENDANT VIOLATED § 1692g(b) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

33. Section 1692g(b) requires a debt collector cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector, if a consumer notifies the debt collector in writing within the thirty-day period described in 15 U.S.C. section 1692g(a), that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor.

34. Defendant violated § 1692g(b) when it began contacting Plaintiff to collect this alleged debt in February 2012 and continuing through June 2012 after Plaintiff sent a letter to Defendant on January 25, 2012, and contacting Plaintiff to collect this alleged debt in June 2012after Plaintiff sent a letter to Defendant on June 1, 2012

## COUNT VI
## DEFENDANT VIOLATED § 392.302(4) OF THE
## TEXAS FAIR DEBT COLLECTION PRACTICES ACT

35. Section 392.302(4) of the Texas FDCPA prohibits debt collectors from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

36. Defendant violated § 392.302(4) of the Texas FDCPA by causing Plaintiff's cellular and home telephones to ring repeatedly or continuously with the intent of annoying and harassing the person at the called number.

## COUNT VII
## DEFENDANT VIOLATED § 392.303(a)(2) OF THE
## TEXAS FAIR DEBT COLLECTION PRACTICES ACT

37. Section 392.303(a)(2) of the Texas FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

38. Defendant violated § 392.303(a)(2) when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff after she sent letters disputing the debt, when it called Plaintiff at work after Plaintiff told its collectors that she could not take personal calls at work, and when it engaged in other unfair conduct.

## COUNT VIII
## DEFENDANT INVADED PLAINTIFF'S PRIVACY BY INRUDING UPON HER SECLUSION

39. Texas recognizes the tort of intrusion upon seclusion. See Robinson v. Brannon, 313 S.W.3d 860, 867 (Tex. App. 2010).

40. An unwarranted intrusion upon seclusion is proved by showing that (1) an intentional intrusion, physical or otherwise, upon another's solitude, seclusion, or private affairs or concerns, (2) the intrusion would be highly offensive to a reasonable person, and (3) the person suffered an injury as a result of the intrusion. See Id.

41. Defendant's repeated debt collection calls to Plaintiff, intruded upon the solitude of Plaintiff.

42. Defendant's conduct and repeated calls were highly offensive to Plaintiff, as it would be any reasonable person.

43. Plaintiff felt frustrated, angry and anxious, and also lost valuable personal time as a result of Defendant's intrusion.

44. This act was committed with malice, intent, wantonness and recklessness, affording Plaintiff the remedy of actual and punitive damages.

## COUNT IX
## DEFENDANT WAS NEGLIGENT IN ITS HIRING, TRAINING AND

7

**SUPERVISION OF DEBT COLLECTORS**

45. Under Texas law, direct claims such as negligent hiring, supervision, training, and retention are based on the employer's own negligent conduct in creating an unreasonable risk of harm to others, and thus, causes of action for negligent hiring, supervision, training, and retention are a means to make an employer liable for the negligence of an employee. <u>Williams v. McCollister</u>, 671 F. Supp. 2d 884 (S.D. Tex. 2009).

46. As Defendant solicited business from Plaintiff, Defendant owed Plaintiff a duty to conduct its business in a reasonable manner.

47. Defendant failed to respond to Plaintiff's January 25, 2012 dispute letter, yet Defendant continued to harass Plaintiff.

48. Further, Defendant continued to contact Plaintiff following her June 1, 2012 letter.

49. Defendant's collectors also failed to identify themselves during collection calls to Plaintiff.

50. As such, Defendant failed to properly hire, train and supervise its debt collectors, and breached its duty to Plaintiff.

51. As a proximate result of Defendant's negligent hiring, training and supervision, Plaintiff suffered damages.

**COUNT X**
**DEFENDANT VIOLATED**
**THE TELEPHONE CONSUMER PROTECTION ACT**

52. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

53. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or

entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

54. Despite the fact that Plaintiff never consented to Defendant making calls to her cellular phone, upon information and belief, Defendant placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

55. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

56. Here, upon information and belief, Defendant regularly placed non-emergency, automated calls to Plaintiff's cellular telephone, using a computer generated, pre-recorded or artificial voice.

57. Defendant did not have Plaintiff's express consent prior to contacting her on her cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

58. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

WHEREFORE, Plaintiff, DIANNE BRUCE, respectfully prays for a judgment as follows:

    a.   All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

d. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B);

e. Punitive damages for invasion of privacy and negligence; and

f. Any other relief deemed appropriate by this Honorable Court.

DATED: 02/01/2013                    KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile:(877) 788-2864
Email: abennecoff@creditlaw.com